UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-00320-CRS

NYCEA ELDER PLAINTIFF

v.

ADMINISTRATIVE OFFICE OF THE COURTS OF KENTUCKY DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss by defendant Administrative Office of the Courts of Kentucky (the "AOC"). The AOC has asked the Court to dismiss Plaintiff's Complaint on several grounds. Motion to Dismiss, DN 31, at PageID# 531. One of those grounds is wholly dispositive: the Court's lack of personal jurisdiction over the AOC due to insufficient service of process under FED. R. CIV. P. 12(b)(5).

Generally, to effect service, a person who is at least 18 years old, and not a party, must timely deliver a summons and a copy of the complaint to the correct party as set out in FED. R. CIV. P. 4(c). In this case, Plaintiff is suing a state agency, the Kentucky AOC. *Harmon v. Goodwin*, No. 3:24-CV-00047-GNS, 2025 WL 449809, at *7 (W.D. Ky. Feb. 10, 2025) ("[T]he Kentucky Supreme Court and the AOC are agencies of the Commonwealth of Kentucky"); *see also Miller v. Admin. Off. of Cts.*, No. 3:01CV-339-S, 2001 WL 1792453, at *1 (W.D. Ky. Sept. 11, 2001) ("[T]here is no dispute that the AOC is an arm of Kentucky's government.").

Therefore, Plaintiff was required to serve her Complaint under one of the rules for suing a state as set forth in FED. R. CIV. P. 4(j)(2). The Rule provides that a state may be served by either delivering a copy of the summons and the complaint to the agency's chief executive officer (director) or by following Kentucky's Rules of Civil Procedure for serving process. FED. R. CIV. P. 4(j)(2)(A)-(B). Kentucky's Rules provide that state agencies may be served by delivering a copy

of the complaint to the Kentucky Attorney-General or any assistant-attorney general of Kentucky. KY. R. CIV. P. 4.04(6). Failure to comply with the applicable service Rules is fatal to one's case. That is, service of process "is not some mindless technicality," *Friedman*, 929 F.2d at 1156, but rather is what allows a court to have personal jurisdiction over defendants in any given case. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Without personal jurisdiction, a court cannot act. *Friedman*, 929 F.2d at 1156–57. *Pro se* litigants are held to the same standards and Rules. *Felts v. Cleveland Hous. Auth.*, 821 F. Supp. 2d 968, 970 (E.D. Tenn. 2011). Their job, like all plaintiffs, is to ensure effective, compliant service of process. *Sawyer v. Lexington Fayette Urb. Cnty. Gov't*, 18 Fed. Appx. 285, 287 (6th Cir. 2001).

In this case, Plaintiff failed to follow Rule 4. She did not serve the Complaint on either (1) the Director of the AOC, (2) Kentucky's Attorney General, or (3) Kentucky's Assistant Attorney General. This fact is undisputed. Instead, Plaintiff's summons indicated that she served the "General Counsel" of the AOC. Return of Service, DN 29. As a result, this Court never acquired personal jurisdiction over the AOC and this case must be dismissed. *Friedman*, 929 F.2d at 1158. To the extent that Plaintiff has argued that compliance should not matter, she is not correct. *Id.* at 1156.

Accordingly, by separate order, the Court will grant Defendant's Motion to Dismiss (DN 31). All remaining motions before the Court are moot for want of jurisdiction.

September 29, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**